Erik Zograbian, Esq., CA SBN 245144
Abraham Dervishian, Esq., CA SBN 262938
D & Z LAW GROUP, LLP
330 N. Brand Blvd., Suite 920
Glendale, CA 91203
Telephone: 818 937-9433
Facsimile: 818 230-1910

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHEL THOMAS and ANDREW THOMAS; ANTHONY THOMPSON; STACEY JURA; DAVID MAK; FRANCISCO QUINTERO; SERVANDO SAUCEDA; BARBARA CLARK; AMELIA SEPULVEDA; JOHNNY JOHNSON; GUADALUPE VALDEZ; DANIEL OCAMPO<br>            Plaintiffs,<br><br>     vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO INSURANCE COMPANY; ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, AND DOES 1 to 100,<br>            Defendants. | Case No.: 1:22-cv-01525-AWI-BAM<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. BREACH OF CONTRACT<br><br>2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>**AMOUNT DEMANDED EXCEEDS $25,000**<br><br>**JURY TRIAL REQUESTED** |

_____

COME NOW PLAINTIFFS, FIRST PARTY INSUREDS AND HEREBY ALLEGE AS
FOLLOWS:

### NATURE OF THE CASE

1.    This is an insurance bad faith case brought by
homeowners against NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO
INSURANCE COMPANY, ALLIED PROPERTY AND CASUALTY INSURANCE
COMPANY, and DOES 3 to 100(hereinafter in the aggregate referred

to as "NATIONWIDE" and/or "Defendants"). The plaintiffs seek damages stemming from NATIONWIDE's bad faith denial and/or underpayment of valid claims resulting from fire, soot, ash, smoke, char and wind damages sustained in the 2020 Southern California wildfires, most notably the Creek Fires.

2.   NATIONWIDE failed to properly handle and adjust plaintiffs' claims in good faith and, in fact, instituted claims practices designed to improperly deny and or minimize valid claims. In some cases NATIONWIDE failed to adjust the plaintiffs' claims and neglected said claims altogether. NATIONWIDE improperly placed their own financial interests above the interests of their policyholders, in violation of their contractual obligations.

3.   NATIONWIDE used biased third party hygienists to render false and misleading reports which they used to deny plaintiffs' claims.

### JURISDICTION AND VENUE

4.   Jurisdiction over the claims in the Complaint is proper, because the Defendants' wrongful, negligent, fraudulent and deceitful conduct in relation to Plaintiffs occurred in Fresno County, State of California, the subject insurance contract was entered in the said County and the amount in controversy exceeds $25,000.00.

5.   Venue is placed in the County of Fresno because Defendants' wrongful, negligent, and deceitful conduct with respect to Plaintiffs occurred in the said county, the damaged Insured Property is located within the said county, each claim was submitted to the Defendants in the said County, the subject

**First Amended Complaint for Damages**

insurance policy was issued, generated and delivered to the Plaintiffs in the said County and the amount in controversy exceeds $25,000.00.

## **THE PARTIES**

6.    Plaintiffs, and each of them, at all relevant times herein, were residing in the State of California.  Said Plaintiffs were insured under homeowners insurance policies issued by NATIONWIDE. The policy provided coverage for losses sustained by damage to each of the Plaintiffs' properties, including the losses alleged herein.

7.    Each Plaintiff timely notified insurance company defendants of their loss as a result of the soot, smoke, and ash damage sustained by their properties in the fire and made a claim to recover money for the restoration, repair and/or replacement for the subject loss.

8.    Plaintiff, ETHEL THOMAS and ANDREW THOMAS, were issued policy number 7204HR040638 by defendant, Nationwide Mutual Insurance Company for the property located at 5732 N. Blythe Ave Fresno, CA  93722. Said Plaintiff's claim number for the subject loss was 790509-GL.

9.    Plaintiff, ANTHONY THOMPSON, was issued policy number DPC0051399630 by defendant, Allied Property and Casualty Insurance Company for the property located at 3545 W. Michigan Ave Fresno, CA  93722. Said Plaintiff's claim number for the subject loss was 470709.

10.    Plaintiff, STACEY JURA, was issued policy number 7204HR224971 by defendant, Nationwide Mutual Insurance Company for the property located at 1465 N. Vagedes Ave. Fresno, CA

**First Amended Complaint for Damages**

93728. Said Plaintiff's claim number for the subject loss was 419659GL.

11.    Plaintiff, DAVID MAK, was issued policy number 7204HR218756 by defendant, Nationwide Mutual Insurance Company for the property located at 5586 E. Eugenia Ave. Fresno, CA 93727. Said Plaintiff's claim number for the subject loss was 330555GL.

12.    Plaintiff, FRANCISCO QUINTERO, was issued policy number 7204HR219928 by defendant, Nationwide Mutual Insurance Company for the property located at 13370 Avenue 416 Orosi, CA 93647. Said Plaintiff's claim number for the subject loss was 245845GM.

13.    Plaintiff, SERVANDO SAUCEDA, was issued policy number ADP0049016269 by defendant, AMCO Insurance Company for the property located at 1547 N. Sonora St. Madera, CA 93638. Said Plaintiff's claim number for the subject loss was 324452GM.

14.    Plaintiff, BARBARA CLARK, was issued policy number DPC0022846336 by defendant AMCO Insurance Company for the property located at 361 W. Almy Ave. Fresno, CA 93706. Said Plaintiff's claim number for the subject loss was 158896GM.

15.    Plaintiff, AMELIA SEPULVEDA, was issued policy number 7204HR139193 by defendant, Nationwide Mutual Insurance Company for the property located at 13626 Avenue 384 Cutler, CA 93615. Said Plaintiff's claim number for the subject loss was 254650GM.

16.    Plaintiff, JOHNNY JOHNSON is the owner of multiple properties with which Plaintiff had insured with insurance company defendants as follows:

a) Policy number 7204HR137715 issued by defendant, Nationwide Mutual Insurance Company for the property located at 771 Vassar Ave. Merced, CA 95341. Said Plaintiff's claim number for the subject loss was 147545GM.

b) Policy number ADP0073371999 issued by defendant, AMCO Insurance Company for the property located at 1265 Rita Mae Ave. Merced, CA 95341. Said Plaintiff's claim number for the subject loss was 129859GM.

17.  Plaintiff, GUADALUPE VALDEZ, was issued policy number ADP0034724227 by defendant, AMCO Insurance Company for the property located at 5961 Anthony Ave. Tranquility, CA 93668. Said Plaintiffs' claim number for the subject loss was 615076GL.

18.  Plaintiff, DANIEL OCAMPO, was issued policy number 7204HR188883 by defendant, Nationwide Mutual Insurance Company for the property located at 6197 W. Concordia Fresno, CA 93722. Said Plaintiffs' claim number for the subject loss was 356725GL.

19. Plaintiffs' policies specifically provide coverage to the dwelling of the policyholders caused by direct physical loss or damage to that property. Plaintiffs' policies also specifically provide coverage for personal property owned or used by an insured anywhere in the world.

20. Plaintiffs are informed, believe and thereon allege that Nationwide Mutual Insurance Company is a corporation with its headquarters and principal place of business in the State of Ohio. Nationwide Mutual Insurance Company is duly authorized to conduct insurance business, and in fact does conduct insurance business under and by virtue of the laws of the State of California.

- 5-

**First Amended Complaint for Damages**

21.   Plaintiffs are informed, believe and thereon allege that AMCO Insurance Company, sued initially as Doe 1, is a corporation with its headquarters and principal place of business in the State of Iowa. AMCO Insurance Company is a subsidiary and/or affiliate of defendant Nationwide Mutual Insurance Company and is duly authorized to conduct insurance business, and in fact does conduct insurance business under and by virtue of the laws of the State of California.

22.   Plaintiffs are informed, believe and thereon allege that Allied Property and Casualty Insurance Company, sued initially as Doe 2, is a corporation with its headquarters and principal place of business in the State of Ohio. Allied Property and Casualty Insurance Company is a wholly owned subsidiary of defendant Nationwide Mutual Insurance Company and isduly authorized to conduct insurance business, and in fact does conduct insurance business under and by virtue of the laws of the State of California.

23.   Plaintiffs are ignorant of the names of the Defendants sued herein as DOES 3 through 100, inclusive.  At all times herein mentioned, Defendant DOES 3 through 100, inclusive, was designated, assigned, instructed, hired and otherwise directed to handle the insurance claims or losses herein.  Plaintiffs are informed, believe and thereupon allege that Defendants Does 3 through 100, were authorized and instructed by the other named Defendants to address and discuss all aspects of the Insurance Policy with Plaintiffs, to evaluate the claims of Plaintiffs, investigate the losses thereunder, determine the extent, nature

and scope of the damages sustained by Plaintiffs and to act in all other capacities for and on behalf of Plaintiffs.

24. Defendants including the fictitious doe defendants, and each of them, are sometimes collectively hereinafter referred to as "DEFENDANTS," unless otherwise specified herein. Plaintiffs are informed, believe and thereon allege, that at all times relevant, Defendants joined and associated together by way of contract, arrangement, joint venture, employment agreement or otherwise in connection with underwriting, solicitation, insurance transaction, claim procedures, inspections, adjustments and investigations of Plaintiffs' claims under the Insurance Policy. Plaintiffs are further informed, believe and thereon allege that at all times relevant, Defendants, jointly or otherwise, conspired together, assisted each other and implemented policies and procedures to the detriment of Plaintiffs and in total disregard for the economic interest, mental health, well-being and other interests of Plaintiffs, protected under the terms, conditions and provisions of the Insurance Policies and under the laws of the State of California. Plaintiffs are unaware of the precise nature or capacity of each of the Defendants throughout the underwriting, solicitations, insurance adjustments, inspections, investigations or other related circumstances, and Plaintiffs are informed, believe and thereupon allege that all of the Defendants are equally, jointly or severely liable to Plaintiffs for the conduct and damages asserted herein, unless designated otherwise.

**First Amended Complaint for Damages**

25. The true names or capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 3 through 100, inclusive, are unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names and will further amend the Complaint to show their true names and capacities when ascertained.  Plaintiffs are informed and believe and thereupon allege that each of the Defendants selected as DOES 1 through 100, inclusive, is responsible in some manner for the occurrences herein maintained and that Plaintiffs' damages hereinafter alleged were proximately caused by such Defendants.

26. Plaintiffs are informed, believe and thereon allege, that at all times relevant, each of the Defendants was the agent, employee or representative of each of the remaining Defendants, and in doing the things hereinafter claimed, each was acting within the course and scope of the said agency, employment or representation with the advanced knowledge, acquiescence or subsequent ratification of each and every remaining Defendant.

**GENERAL ALLEGATIONS**

27.  All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**FACTUAL BACKGROUND**

28.  At all relevant times, plaintiffs' properties were insured by defendant, NATIONWIDE.

- 8-

**First Amended Complaint for Damages**

29.  Plaintiffs paid all required premiums, and complied with all conditions precedent to recovery under the insurance policies, except for those for which performance was excused.

30.  The subject policies were in full force and effect when the events described herein caused the covered loss to the plaintiffs' properties.

31.  As a result of the Creek fire in September of 2020, plaintiffs' properties suffered smoke, soot, ash, char and wind damage.

32.  Plaintiffs timely notified defendants of their losses.

33.  Defendants unjustifiably and unreasonably failed to pay policy benefits to plaintiffs pursuant to properly made claims.

34.  Defendants maintained a bad Faith pattern and practice by handling similarly situated claims differently, including but not limited to those policyholders who were represented by an independent adjuster or an attorney.

35.  Upon information and belief, plaintiffs allege that their claims were equitably tolled during the time which defendants were adjusting claims or held claims open.

36. Additionally, upon information and belief, plaintiffs allege that equitable estoppel applies to their claims because defendant misrepresented facts and maintained fraudulent information about plaintiffs' claim which induced reasonable delay on the part of plaintiffs.

37.  Defendants hired biased adjusters and experts who would represent to plaintiffs that any damage found was below a certain threshold. This threshold was arbitrary, and did not

have any basis in the insurance policies. Moreover, defendants varied this threshold, and applied it inconsistently by treating similarly situated policyholders differently based on arbitrary, uncertain, and/or unreasonable criteria.

38.  Defendants consistently engaged in claims adjustment practices which were not objective, reasonable or fair to insured. Defendants unreasonably failed to establish consistent practices in which similarly situated insured would be treated similarly. The actions described of in this complaint by defendants were done with conscious disregard of plaintiffs' rights. These actions constitute conduct which is despicable behavior done with an intent to injure plaintiffs, such as to constitute oppression, fraud or malice under California Civil Code section 3294, entitling plaintiffs to punitive damages.

39.  Defendants hired forensic investigators, who assisted in implementing bad faith claims practices which were utilized in handling and improperly denying and/or limiting policy benefits to plaintiffs.

40.  Based on information and belief, Plaintiffs allege that NATIONWIDE caused their so-called independent consultants to do improper and incomplete testing and manipulate and vary the threshold with which claims would be paid. This would allow NATIONWIDE to:

> (1) Avoid the significant cost of conducting a proper, thorough, and diligent investigation;
> (2) Allow NATIONWIDE to falsely contend that there was little if no smoke, ash, soot or wind damage at the subject properties.

**First Amended Complaint for Damages**

(3) To skew results;

(4) To falsify the analysis of the level and degree of smoke, ash, and soot residue;

(5) To raise the threshold with which claims would be paid in order to avoid payment to their insureds;

(6)  Other improper acts designed to avoid conducting proper and thorough investigation and timely and proper payment under the policy.

41.  Plaintiffs contend that all of the Defendants herein "aided and abetted" each other relative to breaching the insurance contract and in otherwise perpetrating various torts.

42.  As briefly referenced above. Plaintiffs are now informed and believe and based thereon allege that the mal-investigation and mal-adjustment of this claim was in strict conformity with an institutional mandate handed down by Executive Management of NATIOMWIDE as follows:

A. All claims should not be fully investigated;

B. The adjuster was instructed not to comply with applicable regulations unless forced to do so. In other words, the adjuster would not assist the claimant and insured and among other things would not engage in the counseling function required by Section 2695.4 and 2695.5.

C.  That NATIONWIDE in-house personnel should do the bidding and the estimating even if they were not qualified, licensed, or otherwise capable.

D.  If a claim is investigated it should be performed by a purported independent third party with whom NATIONWIDE had an agreement whereby they, would arbitrarily issue an opinion

that would aid and abet NATIONWIDE in low balling and unreasonably withholding benefits from Plaintiffs.

E.    NATIONWIDE would summarily and arbitrarily deny the claim as soon as possible.

F.    NATIONWIDE would refer plaintiffs' claims to their Special Investigation Unit without cause, and require in person recorded statements and/or Examinations Under Oath from the insureds. After notifying Plaintiffs that their claim has been placed under SIU, NATIONWIDE requested documents, including but not limited to Plaintiffs Real Estate Transfer Disclosure Statements, and threatened to deny their claims for lack of cooperation if they refused to provide the same. NATIONWIDE has since failed to take steps to adjust and resolve said claims.

E.    NATIONWIDE theorized that it would never hear again from the vast majority of insureds whose claims were summarily and arbitrarily denied.

F.    NATIONWIDE would deny, make low-balled benefits, and/or summarily reject claims as soon as possible thereby shortening up the statute of limitations. Then, if the insured wanted to further interact on the claim the insurer would agree to do so but would continue to assert that the claim had already been denied and rejected, thereby again minimizing the insureds' time within which to file.

G.    NATIONWIDE entered into agreements with its so called independent hygienists wherein they had these hygienists use improper methods of testing and render conclusions which they knew were false and/or misleading on the behest of NATIONWIDE.

**First Amended Complaint for Damages**

43.   Defendants issued the insurance policies at issue in this case to the plaintiffs, covering property damage from risks of loss to plaintiffs' properties. The policies provided coverage for fire damage, including from soot, ash, char and wind. As a result of defendants' bad faith conduct, as described herein, defendants improperly denied, delayed, and/or underpaid plaintiffs' claims, depriving plaintiff of policy benefits to which they were entitled to.

44.   Defendants' conduct was and continues to be fraudulent, oppressive and malicious in that it does not give the benefit of the doubt to plaintiffs in pursuing the claims investigations. Instead, defendants placed their own financial interests ahead of plaintiffs' well-being, as well as plaintiffs' rights under their policies.

45.   As a matter of business practice, defendants unreasonably and in bad faith deny, delay, or underpay claims. Defendants have a pattern and practice of underpaying or denying claims in order to maximize "claims profit". The result is that plaintiffs and defendants' other insured are cheated of monies rightfully owned to them.

46.   The unlawful conduct described in this complaint is a pervasive part of defendants' overall business plan and have caused defendants to gain a windfall in the form of unpaid or underpaid claims.

47.   Defendants' conduct in adjusting insurance claims offends established public policy, is immoral, unethical, oppressive, unscrupulous and substantially injurious to its consumers.

1

**FIRST CAUSE OF ACTION**

2    (Breach of Contract by all Plaintiffs against all Defendants)

3        48.  Plaintiffs incorporate by this reference each and

4    every allegation contained in Paragraphs 1 through 47,

5    inclusive, of this Complaint as though fully set forth herein.

6        49. Plaintiffs were each insured under a valid insurance

7    policy issued by defendants which was in effect on the date

8    their loss occurred. The policies provided coverage for fire

9    damage, including from soot, ash, char and wind.

10        50. In September of 2020, plaintiffs' properties suffered

11    smoke, ash, soot and wind damage as a result of the Creek Fire.

12        51.  Plaintiffs paid considerations in the form of

13    premiums, and have faithfully performed all obligations required

14    to be performed by them under the terms of the insurance

15    contracts, including timely filing a claim with defendants.

16        52.  Defendants breached the terms of the contract by

17    failing to pay and/or underpaying monies due under the contract

18    and by forcing plaintiffs to institute this litigation.

19        53.  Plaintiffs have demanded that defendants pay

20    plaintiffs' claims for fire, smoke, soot, ash, and char damages

21    to plaintiffs' properties and their contents caused by the

22    aforementioned Fires.

23        54.  As direct, proximate and legal result of defendants'

24    breaches of the contracts, plaintiffs have been, and continue to

25    be, damaged in an amount in excess of the jurisdictional limits

26    of this Court, including but not limited to: damage suffered to

27    their property caused by the Fires, the loss of benefits due

28    under the contract, consequential damages including interest on

**First Amended Complaint for Damages**

monies plaintiffs could and should have received promptly, but
which they did not receive in a timely fashion as a result of
defendants' breach of the contracts, and other fees expenses and
costs to be proven at trial.

55.  Plaintiffs have also sustained other economic losses
as a direct, proximate and legal result of defendants' conduct,
in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

(Breach of the Implied Covenant of Good Faith and Fair Dealing
by all Plaintiffs against all Defendants)

56.  Plaintiffs incorporate by this reference each and
every allegation contained in Paragraphs 1 through 55,
inclusive, of this Complaint as though fully set forth herein.

57.  The insurance policies identified in this action
contained an implied Covenant of Good Faith and Fair dealing,
whereby defendants, and each of them, agreed to perform their
obligations in good faith and deal fairly with the Plaintiffs
and that Defendants would do nothing to interfere with the
rights, remedies, privileges, benefits and interests of
Plaintiffs under the Insurance Policy.

58.  Defendants tortiously breached the implied covenants
of good faith and fair dealing arising from the insurance
contracts by unreasonably denying or withholding benefits due
under the policies, by failing to conduct fair and objective
claims investigation, by failing to treat plaintiffs and all
other similarly situated insureds consistently and by other
conduct, including but not limited to that expressly set forth

**First Amended Complaint for Damages**

in this complaint, after accepting insurance premiums from plaintiffs.

59.   Despite plaintiffs' repeated demands for payment of the cost to repair fire, smoke, soot, ash, and char damage to their properties pursuant to the policies, defendants continue to refuse payment and continue to engage in unlawful insurance practices, which conduct constitutes a continuing tort which is causing plaintiffs continued damages.

60.   Defendants engaged and continue to engage in a course of conduct to further its own economic interest in violation of its obligations to plaintiffs. This conduct includes, but is not limited to that conduct alleged in this complaint and the following:

A.   Unreasonably and unjustifiably failing to pay claims;

B.   Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiffs' Claims knowing that plaintiffs would be unable to pursue their full policy benefits or would become frustrated in pursuing their full policy benefits and would drop their claims;

C.   Hiring unqualified and/or biased consultants to evaluate losses and damages caused by the aforementioned Fires.

D.   Defendants failed to attempt in good faith to effectuate prompt, fair, and equitable settlement

**First Amended Complaint for Damages**

1         of plaintiffs' claims in which liability had

2         become reasonably clear.

3     E.   Deliberately, unjustifiably, and unreasonably

4         failing to attempt in good faith to reach a

5         prompt, fair, and equitable settlement of

6         plaintiffs' claims in order to discourage

7         plaintiffs from pursuing their full policy

8         benefits;

9     F.   Failing to perform competent and/or complete

10        claims investigations, including but not limited

11        to smoke testing;

12     G.   Failing to treat similarly situated insureds

13        similarly;

14     H.   Refusing to pay any or adequate insurance

15        benefits which a reasonable person would have

16        believed plaintiffs were entitled to receive;

17     I.   Failing to provide promptly a reasonable

18        explanation of the basis relied on in the

19        insurance policy, in relation to the facts or

20        applicable law, for the denial of plaintiffs'

21        claims;

22     J.   Deliberately, unreasonably and unjustifiably

23        failing to timely and fully pay plaintiffs'

24        claims under the policies;

25     K.   Deliberately, unreasonably and unjustifiably

26        failing to timely adjust plaintiffs' claims;

27     L.   Failing to thoroughly and objectively investigate

28        plaintiffs' claims, including but not limited to

**First Amended Complaint for Damages**

failing to obtain plaintiffs' recount of events
leading up to the loss; completely ignoring
plaintiffs' evaluation of the fire, soot, ash,
and char damage; utterly disregarding what
plaintiffs had to say about the damage sustained
by their property;

M.   Compelling plaintiffs to incur legal expenses to
obtain insurance benefits which defendants knew
or reasonably should have known were owed to
plaintiffs;

N.   Deliberately, unreasonably and unjustifiably
Refusing to participate in the appraisal process
of the damage to plaintiffs' properties as
provided by the insurance policy;

O.   Plaintiffs are informed, believe and thereon
allege, that defendants have breached their
duties of good faith and fair dealing owed to
plaintiffs by other acts or omissions of which
plaintiffs are presently unaware and which will
be shown according to proof at the time of trial;

61. Without any reasonable basis for doing so, and with
full knowledge and/or conscious disregard of the consequences,
defendants, and each of them, have failed and refuse to act in
good faith or act fairly toward plaintiffs, and defendants have,
in bad faith, failed and refuse to perform their obligations
under the insurance policies, and under the laws of the State of
California.

**First Amended Complaint for Damages**

62.  Defendants engaged in conduct that was malicious, fraudulent and oppressive. Defendants engaged in a scheme designed to minimize and delay plaintiffs' claims. Defendants unreasonably denied claims even when presented with evidence of their validity. Defendants fraudulently represented that either there was no damage or that the damage was below some threshold when it knew there was damage or that threshold was arbitrary and/or meaningless.

63.  As a direct, proximate result of said breaches of the covenants of good faith and fair dealing by defendants, and each of them, plaintiffs have been, and continue to incur substantial foreseeable consequential and incidental damages including diminution of value of real property in an amount according to proof, and plaintiffs have been required to expend attorney's fees and costs in pursuing relief to which they are entitled as a matter of alw. Pursuant to Brandt v. Superior Court (1985) 37 CAl3d 813, plaintiffs are entitled to attorney's fees and costs reasonably incurred to compel the payment of benefits due under the insurance policies.

64.  As a further direct, proximate and legal result of the wrongful conduct of defendants, and each of them, plaintiffs have also sustained other economic damages, as set forth above, and other damages in an amount to be proven at trial.

65.  On the basis of all of the facts alleged hereinabove, defendants' conduct and actions were despicable, and were done maliciously, oppressively and fraudulently, with the intent to deprive plaintiffs of insurance benefits, and to cause injury to plaintiffs, and with a willful and conscious disregard of

plaintiffs' rights, thereby subjecting plaintiffs to unjust hardship and distress. As to all defendants, the officers, directors and managing agents were personally involved in the decision-making process with respect to the misconduct alleged herein and to be proven at trial.

66.   As to the conduct alleged herein to have been engaged in by representatives of defendants, and each of them, the officers, directors and managing agents authorized and ratified each and every act on which plaintiffs' allegations of punitive damages herein are based. On that basis, pursuant to Civil Code section 3294, plaintiffs are entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter, defendants, and each of them.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**FOR THE FIRST CAUSE OF ACTION**

1.   For general damages in an amount to be determined at trial;

2.   For special, consequential, and incidental damages according to proof;

3.   For pre and post judgment interest according to proof; and

4.   For costs, and other damages according to proof.

5.   For any further relief as may be deemed proper by this court.


**FOR THE SECOND CAUSE OF ACTION**

First Amended Complaint for Damages

1.    For general damages in an amount to be determined at trial;

2.    For special damages in an amount to be determined at trail;

3.    For punitive damages and exemplary damages according to proof;

4.    For pre and post judgment interest according to proof; and

5.    For attorney's fees, costs, and other damages according to proof.

6.    For any further relief as may be deemed proper by this court.

DATED: January 11, 2023                    **D & Z LAW GROUP, LLP**

/s/ Erik Zograbian
_____
Erik Zograbian, Esq.,
Attorney for Plaintiffs

- 21-

**First Amended Complaint for Damages**

CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2023, I electronically transmitted the following document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 12, 2023, at Glendale, California.


_____/s/ Erik Zograbian_____
ERIK ZOGRABIAN

- 22-

**First Amended Complaint for Damages**