**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ETHEL THOMAS, et al.,** <br> **Plaintiffs** <br> v. <br> **NATIONWIDE MUTUAL INSURANCE COMPANT, et al.,** <br> **Defendants** | **CASE NO. 1:22-CV-1525 AWI BAM** <br><br> **ORDER VACATING JANUARY 30, 2023 HEARING AND ORDER ON DEFENDANTS' MOTION TO DISMISS** <br><br> (Doc. No. 9) |

Currently pending before the Court is a Rule 12(b)(6) motion to dismiss by Defendant Nationwide Mutual Insurance Company ("Nationwide"). Hearing on this motion is set for January 30, 2023.

*Background*

On November 23, 2022, Nationwide removed this case from the Fresno County Superior Court.

On December 28, 2022, Defendant filed a Rule 12(b)(6) motion to dismiss.

On January 13, 2023, Plaintiffs filed their First Amended Complaint ("FAC").

*Discussion*

Under Rule 15(a), "A party may amend its pleading once as a matter of course within: . . . (B) if the pleading is one to which a responsive pleading is required . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ." Fed. R. Civ. P. 15(a)(1)(B). This rule confers upon a party a right to amend, the only limitations being those found within Rule 15(a)(1) itself. Ramirez

v. County of San Bernardino, 806 F.3d 1002, 1007-08 (9th Cir. 2015).  The Ninth Circuit has used the term "absolute right" in describing a party's ability to amend under Rule 15(a)(1).  See Rik-Mik Enters., Inc. v. Equilon Enters. LLC, 532 F.3d 963, 977 (9th Cir. 2015); Shaver v. Operating Eng'rs Local 428 Penstion Trust Fund, 332 F.3d 1198, 1201 (9th Cir. 2003); see also Ramirez, 806 F.3d at 1007.  "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent" and as no longer performing any function in the case.  Ramirez, 806 F.3d at 1008; see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989).

Here, Plaintiff filed his FAC within twenty-one days from the date Nationwide filed its Rule 12(b)(6) motion.  Therefore, the FAC was timely under Rule 15(a)(1)(B).  Because the FAC was timely filed, the FAC is the operative complaint, and the original complaint is now non-existent and performs no function in this case.  See id.  Because Defendants' Rule 12(b)(6) motion is attacking a now non-existent complaint, the Rule 12(b)(6) motion is moot.  See Ramirez, 806 F.3d at 1008; Hal Roach Studios, 896 F.2d at 1546.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(b)(6) motion to dismiss (Doc. No. 13) is DENIED as moot; and
2. The January 30, 2023, hearing on Defendant Nationwide's now moot Rule 12(b)(6) motion is VACATED.

IT IS SO ORDERED.

Dated:   January 24, 2023                    _____
                                              SENIOR DISTRICT JUDGE